

# THE ATTORNEY GENERAL
# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

January 25, 1952

Hon. Raymond E. Magee          Opinion No. V-1394
County Attorney
Galveston County               Re:  Maximum maturity period
Galveston, Texas                    for time warrants issued
                                    to pay for voting machines.

Dear Mr. Magee:

 Your request for an opinion contains the following question:

 May the county commissioners of Galveston County issue time warrants for the purchase of voting machines and set the maximum maturity date of these warrants for a period of ten years?

 Section 79 of the Texas Election Code (Sec. 79, H.B. 6, Acts 52nd Leg., R.S. 1951, ch. 492, p. 1126) expressly authorizes the issuance of time warrants for the purchase of voting machines. Section 6 of Section 79, providing for the payment of these voting machines, provides in part:

 "The County Commissioners Court shall provide for the payment of voting machines to be used in such county in such manner as the Court may deem for the best interest of the county, and for the purpose of paying for voting machines, such Commissioners Court is hereby authorized to issue bonds, and certificates of indebtedness, warrants, or other obligations to be used for this purpose and no other, which shall be a charge against the county, such bonds, certificates of indebtedness, or other obligations, may be issued with or without interest payable at such time or times as the Commissioners Court may determine, but shall never be issued nor sold for less than par; provided, however, that such Commissioners Court shall issue such bonds, certificates of indebtedness, warrants, or other obligations, to be used for the purpose of payment of voting machines in the same manner and with the same authority as provided for the issuance

of warrants, bonds, certificates of indebted-
ness, or other obligations by the General
Laws of this State. . . ."   (Emphasis added.)

Article 2368a, V.C.S., sets out the proce-
dure which must be followed by the commissioners' court
in issuing time warrants.  Section 3 of Article 2368a
provides:

"When it shall be the intention of the
Commissioners Court or of the governing
bodies to issue time warrants for the pay-
ment of all or any part of the proposed
contract, a notice to bidders required under
Section 2 of this Act shall recite that
fact, setting out the maximum amount of
the proposed time warrant indebtedness,
the rate of interest such time warrants
are to bear, and the maximum maturity date
thereof."  (Emphasis added.)

We find no statute limiting the maximum
maturity date of time warrants, and therefore agree
with you that there is no fixed maximum time for
their maturity.  When no maximum time is provided,
as a general rule this is construed to mean within
a reasonable time.  For this type of indebtedness
ten years would not be unusual or unreasonable.  It
is therefore our opinion that Galveston County may
issue time warrants payable over a period of ten years
for the purchase of voting machines, provided the re-
quirements of Article 2368a are complied with in all
particulars.

In writing this opinion this office is not
passing upon the financial condition of the county
or deciding that the county's financial condition will
permit the issuance of the warrants.  This opinion is
limited solely to the maximum allowable maturity dates
of the warrants.

## SUMMARY

The commissioners' court of Galveston
County may issue time warrants for the pur-
chase of voting machines which may be payable

over a period of ten years. Art. 2368a, V.C.S.; Sec. 79, Texas Election Code (Sec. 79, H.B. 6, Acts 52nd Leg., R.S. 1951, ch. 492, p. 1126).

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Charles D. Mathews
First Assistant

By Robert H. Hughes
Assistant

RHH:mh